IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 7:20-CV-395 |
| **0.532 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND MARCOS MUNIZ, Jr., ET AL.** | § § § § § § | |
| *Defendant.* | § § | |

## DEFENDANT JUANITA P. RIVAS' ORIGINAL ANSWER

Pursuant to Rules 71.1(e)(2) and 71.1(i)(1)(C), Defendant Juanita P. Rivas ("Defendant"), hereby file his Original Answer to the United States of America's Complaint in Condemnation, Declaration of Taking, and Notice of Condemnation.

### RESPONSES TO THE COMPLAINT IN CONDEMNATION

1. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2, subject to his objections and defenses stated below.

3. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3, which addresses Plaintiff's Schedule A ("Authority for the Taking,").

4. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4, which addresses Plaintiff's Schedule B ("Public Purpose,").

5. Defendant asserts that he owns a fee simple interest in the approximately 0.532 acres of the land affected by this condemnation suit. In response to paragraph 5, Defendant admits that the legal description of this property in Schedule C ("Legal Description,") and Schedule D ("Map or Plat,") appear to be more or less accurate.

6. In response to paragraph 6, which addresses Plaintiff's Schedule E ("Estate Taken,"), Defendant again asserts that he owns a fee simple interest in the approximately 0.532 acres of land affected by this condemnation suit. Defendant also admits that the legal description in Schedule C ("Legal Description,") and Schedule D ("Map or Plat,"). appear to be more or less accurate.

7. Defendant denies that the sum estimated in paragraph 7, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation,"), constitutes just compensation for the fee simple taking. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the fee simple taking of the land it seeks, in violation of Federal Rule of Civil Procedure 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. The just compensation required under law is greater than Plaintiff alleges, and therefore Defendant requests, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), a trial by jury to determine just compensation and a bench trial to adjudicate any damages that may result from the taking.

8. In response to paragraph 8, which addresses Plaintiff's Schedule G ("Interested Parties,"), Defendant asserts that the following individuals own a fee simple absolute interest in the approximately 0.532 acres of land affected by this condemnation suit:

(1). Alberto Alaniz
(2). Alonzo Alaniz
(3). Andrew Alaniz
(4). Felipa Alaniz
(5). Jose Alaniz, Jr.
(6). Jesse (Jesus) Barrera
(7). Luisa Perez Barrera
(8). Miguel Barrera, Jr.

(9). Myra Trinidad Barrera
(10). Aaron Barron
(11). Ernesto Barron
(12). Estrella E. Perez Casas
(13). Ismael Casas, III
(14). Ismael Casas, Jr.
(15). Rosa Perez Chapa
(16). Martina Cobb
(17). Aracell P. Conway
(18). Adriana P. Garza
(19). Rosalinda Perez Garza
(20). Juanita Perez Guerra
(21). Merlinda P. Hinojosa
(22). Ida Jimenez
(23). Delfina Lopez
(24). Maria Inez Perez Lopez
(25). Rosita Martinez
(26). Alicia Perez Moreno
(27). Marco Muniz, Jr.
(28). Roberto Muniz
(29). Roberto Muniz
(30). Alfredo Ochoa, Jr.
(31). Eduardo Ochoa
(32). Leroy Ochoa
(33). Raul Ochoa
(34). Ubaldo Ochoa
(35). Yolanda Paderez
(36). Aide P. Pena
(37). Adolfo Perez
(38). Aida Marie Perez
(39). Ana Marie Perez
(40). Artemio Baldemar Perez
(41). Baudelio Perez
(42). Benito Perez
(43). Benjamin Perez, III
(44). Christian Abraham Perez
(45). Christobal Hector Perez
(46). Eduardo F. Perez
(47). Eli Roy Perez
(48). Ignacio Perez, Jr.
(49). Jaime Perez
(50). Jose Luis Perez
(51). Librado Perez
(52). Librado Encarnacion Perez
(53). Candelaria Perez Ruiz
(54). Zulema Perez Torres
(55). Davy Trevino
(56). Emma Vasquez

(57). The Unknown Heirs of Librado Perez
(58). The Unknown Heirs of Arnolod Araniz
(59). The Unknown Heirs of Benjamin Perez, Jr.
(60). The Unknown Heirs of Elisa Ochoa
(61). The Unknown Heirs of Emily Torrez
(62). The Unknown Heirs of Mary Lou Saldana
(63). The Unknown Heirs of Miguel Perez
(64). The Unknown Heirs of Ninfa Muniz Garcia
(65). The Unknown Heirs of Eufracia Perez Gonzales
(66). The Unknown Heirs of Jesus Angel Perez
(67). The Unknown Heirs of Jose Olivarez Perez
(68). The Unknown Heirs of Leonel Perez
(69). Ameida Salinas, Starr County Tax Assessor

9. To the extent that paragraph 9 requires an answer, Defendant again asserts that he owns a fee simple interest in the 0.532 acres of land affected by this condemnation suit. Defendant asserts that Hidalgo County Tax Authority may claim an interest in a portion of the parent tract at issue in this case.

## DEFENDANT'S OBJECTIONS AND DEFENSES

18. Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant sets out the following objections and defenses to the Complaint in Condemnation of a fee simple taking on the approximately 0.532 acres of land Plaintiff seeks. Defendant would show the following:

19. Plaintiff has exceeded its condemnation powers by seeking to construct "related structures" on the condemned property. The stated intent to construct "related structures" exceeds the grant of authority contained in 8 U.S.C. § 1103(b) and note, which provides for "reinforced fencing," "physical barriers, roads, lighting, cameras, and sensors," but not "related structures." To the extent that Plaintiff's stated public purpose fails to define "related structures," Defendant objects. *See* Schedule B.

20. Plaintiff has exceeded its condemnation powers by seeking to condemn property that is not "adjacent to or in the vicinity of an international land border." That stated intent to condemn Defendant's property exceeds the grant of authority contained in 8 U.S.C. § 1103(b)(1), which allows

"[t]he Attorney General" to "contract for or buy any interest in land, including temporary use rights, adjacent to or in the vicinity of an international land border." As defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas Co.*, 62 F.Supp.194 (S.D. Tex. 1945), and the Supreme Court in *U.S. v. States of La., Tex., Miss., Ala. and Fla.*, 363 U.S. 1, 36, 48 (1960), in Texas the international border between the United States and Mexico is not a "land border," but instead a water border, comprised of "a line commencing at the mouth of the Rio Grande, thence up the middle of that river to the southern boundary of New Mexico." *Amaya* at 194. *See* Schedule D.

21. Plaintiff has exceeded its condemnation powers by failing to engage in bona fide negotiations with Defendant. Specifically, Plaintiff initiated the instant proceeding against Defendant's property without either (i) inviting Defendant to fix a price for the interest Plaintiff seeks, or (ii) making best efforts to agree with Defendant on a reasonable price for that interest in line with rational and lawful standards for determining a reasonable price. Defendant objects to the extent that this failure violates 8 U.S.C. § 1103(b)(2) and (3).

22. Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in 8 U.S.C. § 1103(b) and note. This provision requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, local governments, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which fencing is to be constructed" (emphasis added).

23. To the extent that Plaintiff has not complied with all federal statutes before declaring a public purpose, Defendant objects.

24. To the extent that Plaintiff has failed to conform the proposed condemnation to the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

25. To the extent that Plaintiff has exercised its condemnation authority under 8 U.S.C. § 1103(b) and note in an arbitrary and capricious manner, in violation of the equal protection guarantees of the Fifth Amendment to the United States Constitution, Defendant objects. On information and belief, Plaintiff has exercised its condemnation authority to take the property of small, vulnerable landowners, including Defendant, while leaving other landowners to the undisturbed possession of his estates.

26. To the extent that the property interests Plaintiff seeks to condemn may be subject to an exception set forth in the Secure Fence Act of 2006 if the topography of the relevant land has an elevation grade greater than ten percent, Defendant objects.

27. To the extent that the condemnation of the property may violate the Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary, Nov. 23, 1970, 23 U.S.T. 390, T.I.A.S. No. 7313 (Rio Grande and Colorado River Treaty) and the Treaty of Feb. 3, 1944, 59 Stat. 1224 and exacerbate flooding on Defendant's property, Defendant objects.

29. Defendant reserves his right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

30. Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

31. Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

32. Defendant reserves further the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

## RELIEF REQUESTED

33. For the foregoing reasons, Defendant Juanita P. Rivas respectfully request that the Court:

   a. Grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation;

   b. Allow Defendant to recover his expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) or the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable; and

   c. Grant Defendant any other relief the Court deems proper.

Respectfully submitted,

GK Law PLLC

/s/ Gagan Khan
Gagan Khan
GK Law PLLC
S.D. Tex. Bar No. 2627634
SBT No. 24090207
info@gagan.law
701 N. Post Oak Rd, Suite 612
Houston, Texas 77024
Phone: 713-428-2045
Fax: 806-243-5734
**ATTORNEY FOR DEFENDANT,
JUANITA P. RIVAS**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the foregoing via the Court's ECF/CM system on the 4th day of March 2021, which will serve a copy on all counsel of record.

/s/ Gagan Khan
Gagan Khan