IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 7:20-CV-395 |
| 0.532 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND MARCOS MUNIZ JR., *et al.*, | § § § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER F.R.C.P. 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) Federal Rules of Civil Procedure, AUSA J. Parker Gochenour conferred via phone with Martina Cobb, Emma Vasquez, Davy Trevino, Aida Marie Perez, Marcos Muniz, Jr., Maria Inez Perez Lopez, Ida Jimenez, Estrella E. Perez Casas, and Alonzo Alaniz on March 9, 2021.

   The United States has conferred with Estrella E. Perez Casas, Juanita Perez Guerra, Ida Jimenez, Alicia Moreno, Marcos Muniz, Jr., Ubaldo Ochoa, Jose Luis Perez and Emma Vasquez all on March 23, 2021. They all stated they have no interest in participating in the Joint Discovery Case Management Plan. The United States conferred with Lilly Ochoa on June 2, 2021. She stated she has no interest in participating in the Joint Discovery Case Management Plan.

   On June 2, 2021, a Notice of Disclaimer was filed for Maria Inez Perez Lopez. To date, she remains a party Defendant in this case.

   Defendant Juanita P. Rivas, by and through her attorney of record, Gagan Khan, has participated in drafting and filing of this Joint Discovery/Case Management Plan.

   **The United States has served all named parties in this case and at this date, no other parties need to be added in this case. Subject property presents title issues that will**

**need to be resolved prior to a hearing on just compensation. The United States requests to submit an amicus brief addressing title and just compensation within 60 days.**

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Plaintiff has provided initial disclosures pursuant to Rule 26(a)(1)(A) on or before March 31, 2021 pursuant to Rule 26(a)(1)(C).

   Defendant Juanita P. Rivas intends to serve the initial disclosures within 90 days of this Joint Discovery Case Management Plan, as requested herein, or a time ordered by the Court.

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

4. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property to construct, install, operate and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors and related structure designed to help secure the United States/Mexico border with the state of Texas under the power of eminent domain through a Declaration of Taking and for the determination and award of just compensation to the owners and parties in interest.

5. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358. Defendant alleges that this Court has subject matter jurisdiction in this action.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

Prior to any hearing on compensation, the United States must add additional parties that have become known pursuant to 71.1(c)(3). The United States is not aware of additional parties that must be substituted or added as heirs of interested parties listed in Schedule G; however, as in many condemnation in rem proceedings, additional interested parties may come to light in the discovery process. All known parties have now been identified and since served.

**8.  List anticipated interventions.**

None.

**9.  Describe any class-action issues.**

None.

**10.  Describe the discovery plan proposed by the parties, including:**

  **A.  What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

  Plaintiff has no position on this issue.

  Defendant Juanita P. Rivas requests that the time for initial disclosures be extended to 90 days from the date of this Joint Discovery Case Management Plan.

  **B.  When and to whom the plaintiff anticipates it may send interrogatories?**

  Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates sending interrogatories to the Property Owners in the next sixty (60) days.

  **C.  When and to whom the defendant anticipates it may send interrogatories?**

  Defendant Juanita P. Rivas intends to send discovery to Plaintiff within sixty (60) days after the entry of this Court's scheduling order. Based on the United States' communications with the remaining Defendants, they do not anticipate participating in discovery at this time.

  **D.  Of whom and by when the plaintiff anticipates taking oral depositions?**

  Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates taking oral depositions of the Property Owners' fact witnesses, expert witnesses, and other relevant witnesses within nine (9) months.

E.  **Of whom and by when the defendant anticipates taking oral depositions?**

Defendant Juanita P. Rivas may take the deposition of any and all witnesses, and experts of the Plaintiff. Based on the United States' communications with the remaining Defendants, they do not anticipate participating in discovery at this time.

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

Defendant Juanita P. Rivas requests to designate the expert under 26(a)(2)(D) within 180 days from this court's issuance of the scheduling order

The United States would request that Defendants designate experts within 180 days of the scheduling order in this case, and the United States designate experts within 210 days of the scheduling order in this case.

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Defendant Juanita P. Rivas may take a deposition of Plaintiff's designated expert in this matter. Based on the United States' communications with the remaining Defendants, they do not anticipate participating in discovery at this time.

H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendants are the parties with the burden of proof. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates deposing any experts designated by the Defendants by the end of the discovery period as set out by the Court in its Scheduling Order.

I.  **All other matters raised in Rule 26(f).**

Not Applicable.

11. **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Defendant, Juanita P. Rivas, contends the following:

Defendant Juanita Rivas intends to participate in discovery in assessing the just compensation of the land being taken/condemned by the United States government. Juanita P. Rivas requests 90 days from the date of this Order to provide the initial disclosures under FRCP 26.

Juanita P. Rivas may depose Plaintiff's expert.

Juanita P. Rivas also intends to disclose her expert designation within 180 days of the scheduling order in this case.

The United States requests that the Defendants designate experts thirty (30) days before the United States. Based on the United States' communications with the remaining Defendants, they do not anticipate participating in discovery at this time.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   No discovery has taken place to date. The United States has continued efforts to serve all named parties and to resolve title issues.

   Defendant Juanita P. Rivas agrees with Plaintiff's above statement.

13. **State the date the planned discovery can reasonably be completed.**

   Subject to guidance from the Administration as to this condemnation to construct a wall/bollard fence on the condemned property, the United States anticipates that discovery can be reasonably completed within nine (9) months after the entry of the Court's scheduling order.

   Defendant Juanita P. Rivas expects the discovery to be completed within nine (9) months after the entry of this Court's scheduling order

   The United States agrees discovery can be reasonably completed within nine (9) months.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   The parties have been unable to resolve the case due to title issues. The United States has contacted multiple parties included in Schedule G but has not been able to determine title or agree on appropriate compensation for the taking with all Defendants. To resolve this case, the United States anticipates a title hearing will be needed.

   At this time, it appears revestment is no longer an option because the following parties are opposed: Heirs of Emma Vasquez-Maria Vasquez, Rosario Torres a.k.a. Rosario Vasquez, and Octaviano Vasquez, Jr., Jose Luis Perez, Aida Marie Perez, Ubaldo Ochoa, Marcos Muniz, Jr., Ida Jimenez, Juanita Perez Guerra, Estrella E. Perez Casas, Myra Trinidad

Barrera, Miguel Barrera, Alicia Moreno, and Lilly Ochoa. The United States has not been made aware of a party Defendant that is in support of revestment at this time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, between September 2020 and December 2020, the United States Army Corps of Engineers (USACE) and/or the Department of Justice (DOJ) participated in discussions with numerous defendants regarding the offer to sell. The USACE and the DOJ mailed out valuation letters and offers to sell to known defendants.

On September 16, 2020, the United States contacted out to Ms. Michaela Perez and she conveyed that she would speak with her brothers and uncles concerning the property as they are heirs of Mr. Benjamin Perez.

On September 17, 2020, the United States was unsuccessful in speaking with a Ms. Jaime Perez.

On September 18, 2020, the United States attempted to contact Mr. Miguel Barrera, Jr., via telephone calls with negative contact.

On September 19, 2020, the United States attempted to contact Ms. Jaime Perez and Mr. Miguel Barrera, Jr., via telephone calls with negative contact.

On September 21, 2020, the United States contacted Mr. Miguel Barrera, Jr. and he discussed that he would be speaking with his family as they are the heirs of Ms. Mary Lou Saldana.

On September 23, 2020, the United States attempted to contact Ms. Jaime Perez and Mr. Miguel Barrera, Jr., via telephone calls with negative contact.

On September 23, 2020, the United States contacted Ms. Michaela Perez and she explained she would be speaking to her siblings the following weekend concerning the case.

On September 23, 2020, the United States spoke with Mr. Jaime Perez and was in agreement with an offer to sell.

On September 23, 2020, the United States attempted to contact Mr. Miguel Barrera, Jr., but was unsuccessful.

On September 23, 2020, the United States spoke with Ms. Estrella Perez Casas, who requested another OTS packet be mailed to her.

On September 24, 2020, an OTS was received from Ms. Alicia Perez Moreno, Mr. Eli Roy Perez, and Ms. Myra Trinidad Barrera, with no amount completed.

On September 25, 2020, the United States spoke with Ms. Juanita Perez Guerra and she asked that information packers be sent to Ms. Maria Inez Perez Lopez, Ms. Adolfo Perez, and Ms. Librado Perez, all of whom are heirs of Mr. Jesus Angel Perez.

On September 28, 2020 the United States spoke with Ms. Junita Perez Guerra and she inquired about tax ramifications surrounding the property. She was advised to speak with her tax consultant.

On September 30, 2020, the United States met with Mr. and Mrs. Ricardo Casas and Ms. Anna Omar Perez to complete the OTS, despite no agreed upon price.

On October 25, 2020, the United States spoke with Ms. Michaela Perez and Ms. Perez stated her and her family refuse to accept the sale of land in an amount lower than $15,000.

On December 8, 2020, the United States attempted to contact Mr. I. Casas, Jr., via telephone calls with negative contact.

On December 8, 2020, the United States contacted Mr. I. Casas, Jr., Mr. Roberto Muniz, Ms. Delfina Lopez, Ms. Rosita Martinez, Mr. Alberto Alaniz, Ms. Emma Vasquez, Mr. Andrew Alaniz, Mr. Marcos Muniz, Jr., Mr. Alonzo Alaniz, Mr. Jose Alaniz, Jr., Ms. Felipa Alaniz, Mr. Alfredo Ochoa, Jr., Mr. Richard Ochoa, Mr. Leroy Ochoa, Mr. Miguel Perez, Mr. Ubaldo Ochoa, Ms. Martina Cobb, Ms. Ida Jimenez, Ms. Adriana Garza, Mr. Raul Ochoa, Mr. Eduardo Ochoa, Mr. Eduardo Perez, Ms. Aide Pena, Mr. Aracell Conway, Mr. Ben Perez III, Mr. Jose Perez, via telephone calls, most of which were unsuccessful. Mr. Jose Perez, Ms. Ida Jimenez, Mr. Andrew Alaniz, Mr. Marcos Muniz, Jr., and Mr. Richard Ochoa requested a Waiver of Service (WOS) with negative contact. The United States learned Mr. Alberto Alaniz and Mr. Alfredo Ochoa, Jr. were both deceased.

On December 14, 2020, the United States contacted Ms. Michaela Perez, Mr. Baudelio Perez, Mr. Christobal Perez, Mr. Mario Perez, Mr. Christian Perez, Mr. Librado Perez, Ms. Myra Trinidad Barrera, and Ms. Jaime Perez. The United States was unsuccessful in making contact with these parties, with the exception of Ms. Michaela Perez, who indicated she would agree to an offer to sell in the amount of $15,000. Also, Jaime Perez stated he would agree to a waiver of service.

On December 15, 2020, the United States contacted Ms. Merlinda Hinojosa, Mr. Ernesto Baron, Mr. Aaron Barron, Ms. Juanita Rivas, Ms. Solia Ramos, Mr. Ignacio Perez, Jr., Mr. Benito Perez, and Mr. Rogelio Perez. Ms. Merlinda Hinojosa stated she would discuss the case with her family and confirmed her contact information. The United States was unsuccessful in contacting the remaining parties that day.

On December 18, 2020, the United States attempted to contact Mr. Alberto Alaniz, Mr. Andrew Alaniz, Ms. Felipa Alaniz, Ms. Rosita A. Martinez, Ms. Luisa Perez, Barrera, Mr. Miguel Barrera, Jr., Mr. Aaron Barron, Mr. Ernesto Barron, Mr. Ismael Casas, III, Mr. Ismael Casas, Jr., Ms. Rosa Perez Chapa, Ms. Aracell P. Conway, and Ms. Adriana P. Garza, but was unsuccessful.

On December 18, 2020, the United States contacted Mr. Alonzo Alaniz, Mr. Jose Alaniz, Jr., Ms. Rosita A. Martinez, Ms. Luisa Perez Barrera, Mr. Miguel Barrera, Jr., Mr. Jesse Barrera, Ms. Myra Trinidad Barrera, Ms. Estrella E. Perez Casas, Ms. Martina Cobb, Ms. Rosalinda Garza all of whom confirmed their contact information and requested a waiver of service be sent to them.

On December 21, 2020, the United States attempted to contact Ms. Merlinda P. Hinojosa, Ms. Delfina Lopez, Ms. Maria Inez Perez Lopez, Ms. Rosita Martinez, Ms. Alicia Perez Moreno, Mr. Marcos Muniz, Jr., Mr. Roberto Muniz, Mr. Alfredo Ochoa, Jr., Mr. Eduardo Ochoa, Mr. Leroy Ochoa, Mr. Raul Ochoa, Mr. Richard Ochoa, Mr. Ubaldo Ochoa, Ms. Yolanda Paderez, Ms. Aide P. Pena, Mr. Adolfo Perez, Ms. Aida Marie Perez, Ms. Ana Maria Perez, Mr. Artemio Baldemar Perez, Mr. Baudelio Perez, Mr. Benito Perez, Mr. Benjamin Perez, III, Mr. Christian Abraham Perez, Mr. Christobal Hector Perez, Mr. Eduardo F. Perez, Mr. Eli Roy Perez, Mr. Ignacio Perez, Jr., Mr. Jaime Perez, Mr. Jose Luis Perez, Mr. Librado Perez, Mr. Librado D. Perez, Mr. Librado Encarnacio Perez, Mr. Mario Perez, Mr. Miguel Perez, Mr. Pablo Perez, III, Mr. Roman Ruben Perez, Mr. Salvador Perez, Ms. Solia P. Ramos, Ms. Juanita P. Rivas, Ms. Patricia Barrera Rocha, Ms. Candelaria Perez Ruiz, Ms. Zulema Perez Torres but was unsuccessful.

On December 21, 2020, the United States contacted Ms. Juanita Perez Guerra, Ms. Ida Jimenez, Mr. Marcos Muniz, Jr., Ms. Michael Crystal Perez, Mr. Rogelio Perez, Mr. Samuel Perez Jr., Mr. Davy Trevino, and Ms. Emma Vasquez, all whom indicated that they wanted a waiver of service and confirmed their contact information.

On December 22, 2020, the United States attempted to contact Ms. Luisa Perez Barrera, Ms. Rosalinda Perez Garza, Ms. Candelaria Perez, Ms. Aracell Conway, Ms. Ana Maria Perez, Mr. Salvador Perez, Mr. Samuel Perez, Ms. Juanita Perez Guerra, Ms. Lilly Ochoa, but was met with negative contact.

On December 22, 2020, Ms. Estrella E. Perez Casas, Ms. Rosalinda Perez Garza, and Ms. Juanita Perez Guerra all agreed to completing a waiver of service.

On January 7, 2021, the United States attempted to contact Mr. Salvador Alaniz, Ms. Michaela Perez, Mr. Alberto Alaniz, Mr. Andrew Alaniz, Mr. Davy Trevino, and Mr. Jose Alaniz, Jr., but was unsuccessful.

On January 7, 2021, the United States confirmed the contact information for Ms. Alicia Perez Moreno, Ms. Felipa Alaniz, and Ms. Aida Marie Perez. All parties agreed to a waiver of service.

On January 11, 2021, the United States attempted to contact Ms. Michaela Perez, but was unsuccessful.

On January 14, 2021, the United States contacted Ms. Aida Marie Perez and she confirmed her address and stated she will be returning a waiver of service. The United States was unsuccessful in contacting Ms. Myra Trinidad Barrera and Ms. Alicia Perez Moreno via phone calls.

On January 15, 2021, the United States contacted Ms. Aida Marie Perez, Ms. Myra Trinidad Barrera, Ms. Juanita Guerra, Ms. Ida Perez, and Mr. Daniel Barrera, all of whom updated their contact information and family history.

On January 20, 2021, the United States contacted Ms. Alicia Moreno, Mr. Salvador Perez, and Mr. Samuel Perez, all of whom updated their contact information and family history.

On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States continues to await guidance on whether it will be allowed to proceed with this case. In the interim, the United States will continue efforts to resolve title issues, serve named parties, and locate unknown parties. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the parties will resume settlement negotiations in detail. However, given there are title issues to be resolved and a party claiming sole ownership by way of an adverse possession claim, a title hearing will be necessary.

On January 21, 2021, the United States contacted Mr. Roman Ruben Perez and Ms. Aida Marie Perez to explain the case status and updated contact information to send a waiver of service.

On January 22, 2021, the United States contacted Mr. Salvador Perez via phone calls, and he confirmed he would like to disclaim his interest.

On January 25, 2021, the United States was contacted by Ms. Estrella Casas. Case progress was conveyed to Ms. Casas.

On January 26, 2021, the United States contacted Ms. Estrella Casas and Ms. Alicia Moreno to confirm family history and update contact information.

On January 28, 2021, the United States contacted Ms. Juanita Perez Guerra and Ms. Rosalina Perez Garcia to confirm they each requested a waiver of service.

On January 29, 2021, the United States attempted to contact Ms. Myra Trinidad Barrera and Ms. Merlinda Hinojosa via phone calls but was unsuccessful.

On February 2, 2021, the United States spoke to Mr. Richard Ochoa about mailings he received and his interest in submitting a waiver of service.

On March 5, 2021, the United States emailed Ms. Gagan Khan, counsel for Ms. Juanita P. Rivas, to schedule a time to discuss the status of the case.

On March 8 and 9, 2021, the United States contacted Mr. Alberto Alaniz, Mr. Alonzo Alaniz, Mr. Andrew Alaniz, Ms. Felipa Alaniz, Mr. Jose Alaniz, Jr., Mr. Jesse Barrera, Ms. Luisa Perez Barrera, Mr. Miguel Barrera, Ms. Myra Trindidad Barrera, Mr. Aaron Baron, Mr. Ernesto Barron, Ms. Estrella E. Perez Casas, Mr. Ismael Casas, III, Mr. Ismael Casas, Jr., Ms. Rosa Perez Chapa, Ms. Martina Cobb, Ms. Aracell Conway, Ms. Adriana Garza, Ms. Rosalinda Perez Garza, Ms. Juanita Perez Guerra, Ms. Merlinda Hinojosa, Ms. Ida Jimenez, Ms. Delfina Lopez, Ms. Maria Inez Perez Lopez, Ms. Rosita Martinez, Ms. Alicia Moreno, Mr. Marcos Muniz, Jr., Mr. Roberto Muniz, Mr. Eduardo Ochoa, Mr. Leroy Ochoa, Mr. Raul Ochoa, Mr. Ubaldo Ochoa, Ms. Yolanda Paderez, Ms. Aide Penda, Mr. Adolfo Per4ez, Ms. Aida Marie Perez, Mr. Artemio Baldemar Perez, Mr. Baudelio Perez, Mr. Benito Perez, Mr. Benjamin Perez, III, Mr. Christian Perez, Mr. Christobal Perez, Mr. Eduardo Perez, Mr. Eli Roy Perez, Mr. Ignacio Perez, Jr., Ms. Jaime Perez, Mr. Jose Luis Perez, Mr. Librado Perez, Mr. Librado Encarnacio Perez, Ms. Candelaria Perez, Ms. Zulema Perez Torres, Mr. Davy Trevino, Ms. Emma Vasquez, Mr. Ubaldo Ochoa, and Ms. Martina Cobb concerning the request of alternative forms of service in the case of Solia P. Ramos. Mr. Alonzo Alaniz and Ms. Maria Inez Perez Lopez were both

opposed. Mr. Miguel Barrera, Ms. Estrella E. Perez Casas, Ms. Ida Jimenez, Mr. Marcos Muniz, Jr., Ms. Aida Marie Perez, Mr. Davy Trevino, Ms. Emma Vasquez, Mr. Ubaldo Ochoa, and Ms. Martina Cobb were unopposed. All remaining parties could not be contacted.

On March 9, 2021, the United States spoke with Ms. Gagan Khan, counsel for Ms. Juanita P. Rivas. Ms. Khan was unopposed to a motion to continue and a motion to substitute service for Ms. Solia P. Ramos. The United States updated Ms. Khan on the status of the case as she was recently retained.

On March 11, 2021, the United States filed a motion to substitute service on Solia P. Ramos. Upon it being granted, the United States is making efforts to serve Alonzo Alaniz via substitute service.

On March 15, 2021, the United States spoke to Mr. Artemio Perez, and he stated that he had an updated mailing address.

On March 25, 2021, the United States filed a Motion to Substitute Corina Pineda, For and in Place of Pablo Perez, III.

On March 25, 2021, the United States filed a Motion for Substituted Service on Defendant Rosalinda Perez Garza.

On March 29, 2021, the United States was contacted by Ms. Ruth Garza, daughter of Ms. Rosalinda Perez Garza. She indicated, her mother, Ms. Rosalinda Perez Garza, will be completing a notice of disclaimer and waiver of service. Ms. Ruth Garza submitted to the United States both the notice of disclaimer and waiver of service on March 29, 2021.

On April 1, 2021, the United States filed a Motion to Substitute Service on Alonzo Alaniz. Upon it being granted, the United States is making efforts to serve Alonzo Alaniz via substitute service.

On April 1, 2021, the United States filed a Motion to Withdraw the Motion for Substituted service on Defendant Rosalinda P. Garza.

On April 1, 2021, the United States filed a Waiver of Service and Notice of Disclaimer for Rosalinda Perez Garza.

On April 1, 2021, the United States contacted Lilly Ochoa, wife of deceased Defendant, Alfredo Ochoa, Jr., to obtain an affidavit of heirship.

On April 2, 2021, the United States filed its Joint Discovery Case Management Plan.

On April 8, 2021, this Court dismissed Adolfo Perez, Myra Trinidad Barrera, and Rosalinda Perez Garza from this case. At the same time, this Court granted the United States Motion to Substitute Corinda Pineda and dismissed Pablo Perez, III. This Court further granted the United States' Motion to Withdraw Substitute Service on Rosalinda Perez Garza and granted the United States' Motions for Substitute Service on Defendants

Solia P. Ramos and Alonzo Alaniz.

On April 12, 2021, the United States received a waiver of service for Corina Pineda. Corina Pineda was a party Defendant that was substituted for her deceased husband, and former party Defendant in this case, Pablo Perez, III.

On April 12, 2021, the United States filed confirmation that Benito Perez was served on March 3, 2021, via substitute service by leaving the proper documentation at Benito Perez's usual place of abode with someone 16 years of age or older and discretion who resides there.

On April 15, 2021, the United States filed its motion to substitute Lilly Ochoa for and in place of her deceased husband, and former party Defendant, Alfredo Ochoa, Jr. Upon it being granted, the United States will make efforts to serve Lilly Ochoa.

On April 16, 2021, Solia P. Ramos was served via substituted service by securely affixing the documents to the front door of her abode.

On April 16, 2021, Alonzo Alaniz was served via substituted service by securely affixing the documents to the front door of his abode.

Between March 23, 2021 and April 16, 2021, the United States attempted to contact heirs of Emma Vasquez to obtain an affidavit of heirship but was unsuccessful. In the alternative, the United States successfully obtained an obituary for Emma Vasquez.

On April 20, 2021, the United States filed its motion to substitute Maria Vasquez, Rosario Torres a.k.a. Rosario Vasquez, and Octaviano Vasquez, Jr. for and in place of their deceased mother, and former party Defendant, Emma Vasquez. Upon it being granted, the United States will make efforts to serve the substituted parties.

On April 22, 2021, the United States filed its JDCMP.

On April 28, 2021, this Court granted the United States' motion to substitute Maria Vasquez, Rosario Torres a.k.a. Rosario Vasquez, and Octaviano Vasquez, Jr. for and in place of their deceased mother, and former party Defendant, Emma Vasquez. At the same time, this Court granted the United States' motion to substitute Lilly Ochoa for and in place of her deceased husband, and former party Defendant, Alfredo Ochoa, Jr.

The United States served Alberto Alaniz, Miguel Barrera Jr., Ismael Casas, III, Maria Inez Perez Lopez, Roberto Muniz and Patricia Barrera Rocha via publication in accordance with Fed. R. Civ. P. 71.1(d)(3)(B), on April 21, 2021, April 28, 2021, and May 5, 2021.

On May 6, 2021, Lilly Ochoa was personally served.

On May 7, 2021, Maria Vasquez and Rosario Torres were personally served.

On May 21, 2021, the United States provided Maria Vasquez and Rosario Torres with Notice of Disclaimers to be executed.

On May 27, 2021, a Notice of Disclaimers were signed by and filed for Maria Vasquez and Rosario Torres.

Between June 1 and June 2, 2021, the United States attempted to contact Lilly Ochoa to determine her position on revestment. She indicated she does not favor revestment and she does not want to participate in this Joint Discovery Case Management Plan.

On June 2, 2021, a Notice of Disclaimer was filed for Maria Inez Perez Lopez.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The United States is amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

    Defendant Juanita P. Rivas is amenable to a formal or informal dispute resolution alternative, or an equivalent of a Special Commissioner's hearing held under Chapter 21 of the Texas Property Code.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for a jury trial.

    Defendant Juanita P. Rivas will make a jury demand and pay associated fee.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The United States anticipates that it will take no more than 4-5 days to try this case.

    Defendant Juanita P. Rivas expects about 7 days of trial in this matter.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendant Juanita Rivas anticipates filing an Unopposed Motion to Seek Leave to Appear Telephonically that could be ruled on prior to the scheduling conference

21. **List other motions pending.**

    Defendant Juanita Rivas anticipates filing an Unopposed Motion to Seek Leave to Appear Telephonically for the August 17, 2021 hearing

22. **Indicate other matters peculiar to this case, including discovery that deserve special attention of the court at the conference.**

    Subject property presents title issues that will need to be resolved prior to a hearing on just compensation. The United States requests to submit an amicus brief addressing title and just compensation within 60 days.

    It is possible that rebuttal experts may be needed in this matter. The United States requests that the Court set a rebuttal expert deadline for forty-five (45) days after the date of the mutual expert report exchange.

    The United States notes that the uses of the property as stated in Schedule B may change depending on the awaited guidance from the Administration.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    Plaintiff filed a Disclosure of Interested Parties with the Court on December 17, 2020.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:
    ALEXANDER N. DERGARABEDIAN
    Assistant United States Attorney
    Southern District of Texas No. 3381593
    1701 W. Bus. Hwy. 83, Suite 600
    McAllen, TX 78501
    Telephone: (956) 992-9380
    Facsimile: (956) 618-8016
    E-mail: alexander.dergarabedian@usdoj.gov
    Attorney in Charge for Plaintiff

    J. PARKER GOCHENOUR
    Assistant United States Attorney
    Southern District of Texas No. 3620167
    Virginia Bar No. 90069
    11204 McPherson Road, Suite 100A
    Laredo, Texas 78045
    Telephone: (956) 586-8758
    Facsimile: (956) 618-8016

E-mail: James.Gochenour@usdoj.gov
Attorney for the United States of America

COUNSEL FOR DEFENDANT JUANITA P. RIVAS
GK LAW PLLC
GAGAN KHAN
Southern District of Texas No. 2627634
SBT No. 24090207
gkhan@gagan.law
info@gagan.law
701 N. Post Oak Rd, Suite 612
Houston, TX 77024
Tel: 713 428 2045
Fax: 806 243 5734

Respectfully submitted,

**JENNIFER B. LOWERY**
United States Attorney
Southern District of Texas

By: *s/ Alexander N. DerGarabedian*
**ALEXANDER N. DERGARABEDIAN**
Assistant United States Attorney
Southern District of Texas No. 3381593
New York Bar No. 5103577
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9380
Facsimile: (956) 618-8016
Email: alexander.dergarabedian@usdoj.gov
Attorney In Charge for the United States of America

*s/ J. Parker Gochenour*
**J. PARKER GOCHENOUR**
Assistant United States Attorney
Southern District of Texas No. 3620167
Virginia Bar No. 90069
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Telephone: (956) 586-8758
Facsimile: (956) 618-8016

E-mail: James.Gochenour@usdoj.gov
Attorney for the United States of America

GK Law PLLC
**/s/ Gagan Khan**
Gagan Khan
GK Law PLLC
S.D. Tex. Bar No. 2627634
SBT No. 24090207
info@gagan.law
701 N. Post Oak Rd, Suite 612
Houston, Texas 77024
Phone: 713-428-2045
Fax: 806-243-5734
**ATTORNEY FOR DEFENDANT,
JUANITA P. RIVAS**

## CERTIFICATE OF SERVICE

I, Alexander N. DerGarabedian, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on August 6, 2021, counsel has been served with a true and accurate copy of the foregoing document via ECF.

By:  *s/ Alexander N. DerGarabedian*
**ALEXANDER N. DERGARABEDIAN**
Assistant United States Attorney