United States District Court
Southern District of Texas
**ENTERED**
March 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00395 |
| 0.532 ACRES OF LAND, more or less, | § | |
| In STARR COUNTY, TEXAS; MARCOS | § | |
| MUNIZ, JR; et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court now considers the "United States of America's Brief on Just Compensation as to Tract RGV-RGC-5073."[1] After considering the brief, record, and relevant authorities, the Court holds that **$23,000.00** is just compensation for the taking in this case.

### I. BACKGROUND AND PROCEDURAL HISTORY

The United States commenced this eminent domain case on December 4, 2020, for the fee simple interest in 0.532 acres of land identified as Tract RGV-RGC-5073 (Subject Property).[2] On January 13, 2021, the United States deposited $7,600.00, the estimated just compensation for Tract RGV-RGC-5073, into the Court's Registry,[3] immediately vesting title in the United States.[4]

On April 7, 2022, the Court entered an order determining the parties that are entitled to just compensation for the taking of Tract RGV-RGC-5073.[5] The Court also ordered the parties to file a status report and to include a proposed schedule for discovery related to the issue of just

---

[1] Dkt. No. 158.
[2] Dkt. No. 1-1 at 14.
[3] Dkt. No. 38.
[4] *See* 40 U.S.C. § 3114(b)(1).
[5] Dkt. No. 141.

compensation by July 8, 2022.[6] On February 22, 2023, the United States filed its brief regarding just compensation.[7] Therein, the United States asserts that

> Service of process has been completed for all parties that were determined to have an interest in the Subject Property. On February 6, 2023, the United States submitted a supplemental deposit in the amount of fifteen thousand four hundred dollars ($15,400.00) towards the estimated just compensation for the Subject Property. The total amount on deposit in the Registry of the Court is twenty-three thousand dollars and 00/100 ($23,000.00). On December 27, 2022, Ameida Salinas, Starr County Tax Assessor-Collector filed a Verified Claim for ad valorem taxes owed on the Subject Property in the amount of $8,519.45. Subsequently, on February 19, 2023, Ameida Salinas, Starr County Tax Assessor filed its Amended Verified Claim correcting the amount of taxes owed to $6,751.85.[8]

The deadline to file briefs and submit evidence on the issue of just compensation has now passed. No Defendant has filed a brief. Therefore, they have failed to meet their burden to establish just compensation is higher than the United States' estimate. As such, the Court may rely exclusively on the evidence presented by the United States.

Thus, the Court now turns to determine the issue of just compensation based on the brief and evidence provided by the United States.

## II. DISCUSSION

### a. Legal Standard

Under the Fifth Amendment to the United States Constitution, private property shall not be taken "for public use, without just compensation."[9] Compensation is to be just to the landowner and to the public which must pay for the condemnation by eminent domain.[10] "Just compensation . . . means in most cases the fair market value of the property on the date it is

---

[6] *Id.*
[7] Dkt. No. 158.
[8] *Id.* at 2-3.
[9] U.S. CONST. amend. V (the Takings Clause).
[10] *Bauman v. Ross*, 167 U.S. 548, 574 (1897) (quoting *Searl v. Sch. Dist. No. 2*, 133 U.S. 553, 562 (1890) (Fuller, C.J.)).

appropriated."[11] "[T]he underlying principle is that the dispossessed owner 'is entitled to be put in as good a position pecuniarily as if his property had not been taken. He must be made whole but is not entitled to more.'"[12] "Under this standard [of fair market value], the owner is entitled to receive what a willing buyer would pay in cash to a willing seller at the time of the taking."[13] "[I]n general, comparable sales constitute the best evidence of market value . . . the more comparable a sale is, the more probative it will be of the fair market value of the condemned property."[14] A comparable sale is defined as a sale "from a willing seller to a willing buyer of similar property in the vicinity of the taking at or about the same time as the taking."[15] Evidence of fair market value can come from evidence of comparable sales and from expert testimony as to the value of the subject property.[16]

"In determining the market value, this Court must look not only at the present use of the property, but also at the highest and best use for which the property is adaptable and needed."[17] "Ordinarily, the highest and best use for property sought to be condemned is the use to which it is subjected at the time of the taking. This is true because economic demands normally result in an owner's putting his land to the most advantageous use."[18] When a condemnee[19] attempts to claim

---

[11] *Kirby Forest Indus. v. United States*, 467 U.S. 1, 10 (1984).

[12] *United States v. 320.0 Acres of Land in Monroe Cnty.*, 605 F.2d 762, 780 (5th Cir. 1979) (quoting *Olson v. United States*, 292 U.S. 246, 255 (1934)).

[13] *Id.* (internal quotation marks and quotation omitted); *accord United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) (quotation omitted) ("The Court has repeatedly held that just compensation normally is to be measured by the market value of the property at the time of the taking contemporaneously paid in money."); 5th Cir. Pattern Civ. Jury Instruction 13.3 (2014) (internal quotation marks omitted) ("Fair market value means the amount a willing buyer would have paid a willing seller in an arms-length transaction, when both sides are fully informed about all the advantages and disadvantages of the property, and neither side is acting under any compulsion to buy or sell.").

[14] *320.0 Acres of Land*, 605 F.2d at 798.

[15] *United States v. 8.41 Acres of Land in Orange Cnty.*, 680 F.2d 388, 395 (5th Cir. 1982) (citing *United States v. Trout*, 386 F.2d 216, 222–23 (5th Cir. 1967)).

[16] *320.0 Acres of Land*, 605 F.2d at 798 & n.64.

[17] *8.41 Acres of Land*, 680 F.2d at 394; *see United States v. Causby*, 328 U.S. 256, 261 (1946) ("It is the owner's loss, not the taker's gain, which is the measure of the value of the property taken.").

[18] *United States v. Buhler*, 305 F.2d 319, 328 (5th Cir. 1962).

[19] *See Condemnee*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("One whose property is expropriated for public use or taken by a public-works project.").

that the highest and best use for the property taken is something other than what the property is currently used for, the Fifth Circuit has held that the burden is on the condemnee to produce credible evidence that, at the time of taking, the use claimed was "practicable" and that "there was a reasonable likelihood that [the property] would be so used in the reasonably near future."[20] Evidence of highest and best use that is not credible, for example an assertion that residential development is the highest and best use when the property in question is next to an airfield and has poor access and stagnant population growth, should be rejected.[21]

"Considerations that may not reasonably be held to affect market value are excluded."[22] "In making [a just compensation] estimate there should be taken into account all considerations that fairly might be brought forward and reasonably be given substantial weight in such bargaining," but ostensible events affecting value that are speculative or not shown to be reasonably probable are excluded from the ascertainment of value.[23] The considerations that are excluded from just compensation include special or sentimental value to the condemnee, the change in value of separate tracts that are affected by the taking,[24] appraisal and attorneys' fees, loss of profits, damage to goodwill, and the expense of relocation or other consequential losses.[25] However, "the opinion testimony of a landowner as to the value of his land is admissible without

[20] *320.0 Acres of Land*, 605 F.2d at 814; *accord United States v. 62.50 Acres of Land in Jefferson Par.*, 953 F.2d 886, 890 (5th Cir. 1992) ("Potential uses must overcome a presumption in favor of the existing use. A landowner can overcome this presumption only by showing a reasonable probability that the land is adaptable and needed for the potential use in the near future.").
[21] *United States v. 158.24 Acres of Land, More or Less, in Bee Cnty.*, 515 F.2d 230, 233 (5th Cir. 1975).
[22] *United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) (quotation omitted).
[23] *Olson v. United States*, 292 U.S. 246, 257 (1934).
[24] *See United States v. 101.88 Acres of Land, More or Less, Situated in St. Mary Par., La.*, 616 F.2d 762, 772 (5th Cir. 1980) (holding that a landowner is entitled only to recover for the actual condemnation and not for any theory of damages to remaining land or damages that will be incurred in the future).
[25] *Tenn. Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237, 247–48 (3d Cir. 2019) (collecting United States Supreme Court cases); *see United States v. Gen. Motors Corp.*, 323 U.S. 373, 379 (1945) ("The rule in such a case is that compensation for that interest does not include future loss of profits, the expense of moving removable fixtures and personal property from the premises, the loss of good-will which inheres in the location of the land, or other like consequential losses which would ensue the sale of the property to someone other than the sovereign.").

further qualification. Such testimony is admitted because of the presumption of special knowledge that arises out of ownership of the land."[26] Although the Court will not accept speculative "value to me" testimony from a landowner, so long as the landowner's opinion has a rational foundation and is not contradicted by the landowner's testimony, it is probative of the market value of the land.[27] The rule is that if "a proffered potential use is not reasonably practicable or probable, so that no reasonably minded trier of fact faithfully applying the law could find that it represents an element of fair market value," the evidence will not be considered.[28] "The burden of establishing the value of the land sought to be condemned [rests] with the landowner."[29] If the landowner fails to establish that just compensation is higher than the United States' estimate, the Court may rely exclusively on the United States' evidence.[30]

### b. Analysis

In its brief, the United States provides a just compensation value of $23,000.00 for the fee simple taking of Tract RGV-RGC-5073.[31] In support of this estimation, the United States provides the appraisal report prepared by Paul P. Grafe, MAI, CCIM which establishes the fair market value on the tract at $23,000.00.[32] No Defendant has presented any controverting evidence. Thus, the Court finds the United States offered sufficient evidence to establish just compensation for the fee simple taking of Tract RGV-RGC-5073 at **$23,000.00**.

---

[26] *United States v. 329.73 Acres of Land in Grenada & Yalobusha Cntys.*, 666 F.2d 281, 284 (5th Cir. 1982) (citing *United States v. 3,698.63 Acres of Land*, 416 F.2d 65, 67 (8th Cir. 1966) & *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966)).
[27] *See Sowards*, 370 F.2d at 92; *United States v. 79.20 Acres*, 710 F.2d 1352, 1357 (8th Cir. 1983) (citing *3,698.63 Acres*, 416 F.2d at 66-67).
[28] *320.0 Acres of Land*, 605 F.2d at 818.
[29] *United States v. 62.50 Acres of Land in Jefferson Par.*, 953 F.2d at 890 (5th Cir. 1992) (citing *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273–76 (1943)).
[30] *United States v. 8.41 Acres of Land in Orange Cnty.*, 680 F.2d 388, 395 (5th Cir. 1982).
[31] Dkt. No. 158.
[32] *Id.* at 17.

### III. HOLDING AND CONCLUSION

In light of the foregoing, the Court finds **$23,000.00** to be just compensation for the fee simple taking of Tract RGV-RGC-5073. The specific terms will appear in the Court's Final Judgment accompanying this Order pursuant to Federal Rule of Civil Procedure 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 3rd day of March 2023.

_____
Micaela Alvarez
United States District Judge