United States District Court
Southern District of Texas
**ENTERED**
March 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 7:20-cv-00395 |
| 0.532 ACRES OF LAND, more or less, § | |
| In STARR COUNTY, TEXAS; MARCOS § | |
| MUNIZ, JR; et al., § | |
| § | |
| Defendants. § | |

**FINAL JUDGMENT**

The Court hereby renders final judgement in this case in accordance with Federal Rule of Civil Procedure 54. Having determined $23,000.00 to be just compensation for the fee simple taking of Tract RGV-RGC-5073,[1] the Court **ORDERS** the following:

The United States is granted fee simple absolute interest over RGV-RGC-5073 which is a 0.532-acre parcel of land more particularly described in Schedules C and D of the United States' "Complaint in Condemnation"[2] and subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals; and excepting and excluding all interest in water rights and water distribution and drainage systems, if any provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction and maintenance of the border barrier.[3]

---

[1] Dkt. No. 159.
[2] Dkt. No. 1-1 at 6.
[3] *Id*. at 14.

The United States is granted immediate possession of its real property interests obtained herein and all those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken, to wit, to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.[4]

The total sum of twenty-three thousand dollars ($23,000.00), together with any interest earned while on deposit in the registry of the Court,[5] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tract RGV-RGC-5073, and the sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States of America for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of January 13, 2021,[6] shall be deducted from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of Court to immediately disburse the following amounts with interest payable as follows:

| | |
|---|---:|
| Ameida Salinas, Starr County Tax Assessor | $6,751.85 |
| Marcos Muniz, Jr. | 253.87 |
| Roberto Muniz | 253.87 |
| Alberto Alaniz | $46.16 |

---

[4] *Id.* at 4.
[5] *See* 40 U.S.C. § 3116. *But see* 40 U.S.C. § 3114(c)(1).
[6] *See* 40 U.S.C. § 3114(b); *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").

| | |
|---|---:|
| Alonzo Muniz | $46.16 |
| Delfina Lopez | $46.16 |
| Jose Alaniz, Jr. | $46.16 |
| Rosita Martinez | $46.16 |
| Yolanda Paderez | $46.16 |
| Andrew Alaniz | $46.16 |
| Felipa Alaniz | $46.16 |
| Lilly Ochoa | $28.19 |
| Richard Ochoa | $119.89 |
| Martina Cobb | $119.89 |
| Ida Jimenez | $119.89 |
| Jesse (Jesus) Barrera | $225.66 |
| Miguel Barrera, Jr. | $225.66 |
| Patricia Barrera Rocha | $225.66 |
| Eli Roy Perez | $282.04 |
| Alicia Moreno | $282.04 |
| Corina Pineda | $112.93 |
| Rogelio Perez | $406.20 |
| Davy Trevino | $406.20 |
| Rosa Perez Chapa | $406.20 |
| Estrella E. Perez Casas | $406.21 |
| Librado I. Perez | $406.21 |
| Merlinda P. Hinojosa | $203.10 |

| | |
|---|---:|
| Ernesto Barron | $101.55 |
| Aaron Barron | $101.55 |
| Juanita M. Perez Rivas | $203.10 |
| Ramiro Ramos Jr. | $101.55 |
| Ishmael Casas, Jr. | $101.55 |
| Ishmael Casas, III | $101.55 |
| Ignacio Z. Perez, Jr. | $203.10 |
| Benito Perez | $203.10 |
| Jose Luis Perez | $290.14 |
| Mario Perez | $290.14 |
| Benjamin Perez, III | $96.72 |
| Michaela Crystal Perez | $96.72 |
| Christian Abraham Perez | $96.72 |
| Christobal Hector Perez | $290.14 |
| Librado Encarnacion Perez | $290.14 |
| Artemio Baldemar Perez | $290.14 |
| Aida Maria Perez | $290.15 |

With respect to the remaining amount including accrued interest, such sum is set aside in the registry of the Court for the following Unknown Heirs, in the following amounts:

| | |
|---|---:|
| The Unknown Heirs of Arnoldo Alaniz | $46.16 |
| The Unknown Heirs of Bertha Serna | $46.16 |
| The Unknown Heirs of Emily Torrez | $46.16 |

| | |
|---|---:|
| The Unknown Heirs of Elias Ochoa | $119.89 |
| The Unknown Heirs of Ninfa Muniz Garcia | $507.76 |
| The Unknown Heirs of Eufracia Perez Gonzalez | $2,031.04 |
| The Unknown Heirs of Jesus Angel Perez | $677.00 |
| The Unknown Heirs of Jose Olivarez Perez | $2,031.04 |
| The Unknown Heirs of Omar Perez | $406.20 |
| The Unknown Heirs of Solia P. Ramos | $101.55 |
| The Unknown Heirs of Mary Lou Perez Saldana | $203.10 |
| The Unknown Heirs of Leonel Perez | $2,031.04 |

In order for the sums of the previous Unknown Heirs to be claimed, any person or entity claiming entitlement shall first move the Court for an order of disbursement before such funds may be distributed. If unclaimed, such amount shall be paid into the Treasury of the United States on February 7, 2028, without further order of the Court "in the name and to the credit of the United States," but "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him."[7]

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at

---

[7] 28 U.S.C. § 2042.

an annual rate provided in 40 U.S.C. § 3116 from the date of Defendants' receipt of just compensation to the date of repayment into the registry of the Court.

This Final Judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 3rd day of March 2023.

_____
Micaela Alvarez
United States District Judge